UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAYMOND L. SAMUELS,

       Plaintiff,

v.                                                          Case No:  8:25-cv-00838-JLB-SPF

FCI LENDER SERVICES and
BACKFLIP,

       Defendants.

_____/

## **ORDER**

This matter comes before the Court on Defendant FCI Lender Services ("FCI") Motion to Dismiss the Complaint (Doc. 1) for failure to serve process on FCI within 90 days of filing the Complaint pursuant to Federal Rule of Civil Procedure 4(m).  (Doc. 11).  Upon careful review of the briefing and the entire record, the Court **GRANTS in part** FCI's Motion.

Plaintiff Raymond Samuels commenced this action on April 4, 2025.  (Doc. 1). The same day, the Court issued a summons for Defendants FCI and Backflip.  (Doc. 2).  On August 6, 2025, FCI filed the instant motion to dismiss.  (Doc. 11).  Mr. Samuels has failed to respond to FCI's Motion, which is therefore deemed unopposed.  *See* M.D. Fla. Loc. R. 3.01(c) ("[A] party may respond within twenty-one days after service to a motion to dismiss[.]").

Despite filing this action almost six months ago, Mr. Samuels has yet to serve either FCI or Backflip, and the time to do so has long passed.  Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—

on motion or on its own after notice to the plaintiff—***must*** dismiss the action without prejudice against that defendant or order that service be made within a specified time.") (emphasis added).

Mr. Samuels has been put on notice of the ineffective service of process as to FCI through its Motion to Dismiss.  (Doc. 11); *see Wearing v. Savannah State Univ.*, 132 F. App'x 813, 814 (11th Cir. 2005) (affirming the district court's dismissal without prejudice pursuant to Rule 4(m) because plaintiffs "were on notice . . . when [d]efendants filed their initial motion to dismiss" for lack of service of process). Still, Plaintiff has failed to file a return of service or provide good cause for his failure to serve FCI.  Moreover, Mr. Samuels did not file a response to FCI's Motion to Dismiss or otherwise attempt to inquire about the alleged lack of service even after being put on notice by FCI's Motion.  Therefore, the claims against Defendant FCI are **DISMISSED without prejudice**.  *See Hoti v. Bank of Am.*, N.A., No. 9:18-CV-80657, 2021 WL 3883696, at *2 (S.D. Fla. Aug. 31, 2021) (dismissing the unserved defendants without prejudice under Rule 4(m) for failure to effectuate service for over seven months).


Accordingly, it is **ORDERED**:

1. Defendant FCI's Motion to Dismiss (Doc. 11) is **GRANTED in part** and **DENIED in part**.

2. Defendant FCI is **DISMISSED** from this action **without prejudice**.

3. The Clerk of Court is **DIRECTED** to terminate Defendant FCI.

4. The claims against Defendant Backflip remain.

**ORDERED** in Tampa, Florida, on October 1, 2025.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE